IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Curtis Rena Hill, #296024, ) | |
| a/k/a/ Curtis R. Hill, ) | |
|  ) | |
| Plaintiff, ) | C.A. No. 6:08-4080-HMH-WMC |
|  ) | |
| vs. ) | **OPINION & ORDER** |
|  ) | |
| Adell Dobey, Polly Hall, and Marcus ) | |
| Smith, ) | |
|  ) | |
| Defendants. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge William M. Catoe, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] Curtis Rena Hill ("Hill"), a state prisoner proceeding pro se, filed a civil rights action under 42 U.S.C. § 1983. The matters before the court include Hill's motion for judgment on the pleadings and motion for entry of default judgment. In his Report, Magistrate Judge Catoe recommends denying Hill's motions. (Report and Recommendation 2.)

Hill filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that some of Hill's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, Hill raises one specific objection. Hill argues that his motion for default judgment should be granted because Defendants "did fail to answer motion of judgment . . . . on [sic] a timely manner." (Objections 2.)

Hill filed a motion for judgment on the pleadings on February 5, 2009,[2] and a motion for entry of default on February 26, 2009.[3] On February 27, 2009, Defendants sought an extension of time to respond to both motions. Defendants' motion for extension of time was granted on March 3, 2009, and the response was due on March 16, 2009. Defendants timely filed a response in opposition to Hill's motions on March 16, 2009. Accordingly, Hill's objection is without merit. Therefore, after a thorough review of the Report and Recommendation and the record in this case, the court adopts the magistrate judge's Report and Recommendation.

---

[2] See Houston v. Lack, 487 U.S. 266 (1988).

[3] Id.

It is therefore

**ORDERED** that Hill's motion for judgment on the pleadings, docket number 17, is denied; it is further

**ORDERED** that Hill's motions for entry of default, docket numbers 21 and 31,[4] are denied.

**IT IS SO ORDERED**.

                                                  s/Henry M. Herlong, Jr.
                                                  United States District Judge

Greenville, South Carolina
April 9, 2009

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[4] Hill filed two motions for entry of default, one on February 26, 2009, and another on March 18, 2009.