IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Curtis Rena Hill, #296024, a/k/a Curtis R. Hill, | ) ) ) |
| Plaintiff, | ) Civil Action No. 6:08-4080-HMH-KFM ) ) **REPORT OF MAGISTRATE JUDGE** |
| vs. | ) ) |
| Adell Dobey, Polly Hall and Marcus Smith, | ) ) ) |
| Defendants. | ) ) |

This matter is before the court on the defendants' motion for summary judgment (doc. 64). The plaintiff, a state prisoner who is proceeding *pro se*, brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

On April 30, 2010, the defendants filed a motion for summary judgment (doc. 30). On May 3, 2010, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. On May 20, 2010, the plaintiff filed his response in opposition to the defendants' motion.

**FACTS PRESENTED**

The plaintiff, who was a pretrial detainee at the Edgefield County Detention Center ("ECDC") at the time, alleges in his complaint that he fell on a wet floor on September 29, 2008[1], suffering a sprained ankle (comp. at 3). He claims that he had written grievances about the floor being wet from a leaky toilet and that detention officers had brought him parts

---

[1] The defendants contend the date of the accident was November 29, 2008 (Hall aff. ¶3)

of "covers" to help soak up the water. The plaintiff claims he was treated in the emergency room at the hospital, and x-rays showed no bones were broken. He claims he suffered a sprained ankle, his ankle was wrapped with an Ace bandage, and he was given Motrin or Tylenol for pain. According to the plaintiff, he complained again after he fell, and he was placed in another cell. The plaintiff named as defendants Sheriff Adell Dobey, jail administrator Lieutenant Polly Hall, and Correctional Officer Marcus Smith.

Lieutenant Polly Hall, the jail administrator, testified in her affidavit that Sheriff Dobey is not involved in the day-to-day running of the GCDC. Further, Lieutenant Hall testified that she is charged with the running of the facility, and she was not aware of the leak in the plaintiff's cell. Further, she does call a plumber when a plumbing related water leak is apparent. She has called the plumbers to the facility many times (Hall aff. ¶¶ 1, 4). Correctional Officer Marcus Smith testified he was aware of a minor toilet leak in the plaintiff's cell, and he provided blankets to keep the water cleaned up and the area dry. Officer Smith testified he was not aware of any puddles or any sufficiently serious risk of harm to the plaintiff from the leak (Smith aff. ¶ 4).

## APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition

of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

***Conditions of Confinement***

The plaintiff claims the defendants violated his constitutional rights by housing him in a cell that "was not liveable" and by not taking action when he first complained of the

3

leaking toilet (comp. at 4). Confinement conditions of pretrial detainees are to be evaluated under the Due Process Clause of the Fourteenth Amendment rather than under the Eighth Amendment. *Bell v. Wolfish,* 441 U.S. 520, 535 (1979). Where a pretrial detainee complains of prison conditions, the proper inquiry is whether the conditions of his confinement amount to punishment before a proper adjudication of guilt. *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992). Not every hardship suffered during pretrial detention amounts to "punishment" in the constitutional sense. *Id.* (citing *Bell,* 441 U.S. at 53). "'[I]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock.'" *Moore v. Winebrenner*, 927 F.2d 1312, 1316 (4th Cir. 1991) (quoting *Whitley v. Albers,* 475 U.S. 312, 319 (1986)). To state a claim that conditions of confinement violate constitutional requirements, "a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.'" *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir.1993) (quoting *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir.1991))

    Here, the plaintiff has failed to show that the defendants were deliberately indifferent to the conditions he alleges. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994) (a prison official is deliberately indifferent if he has actual knowledge of a substantial risk of harm to a prisoner and disregards that substantial risk). The Due Process Clause is not implicated by a negligent act of a state official causing unintended loss of or injury to life, liberty, or property. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Pink v. Lester*, 52 F.3d 73, 75 (4th Cir.1995). Our courts have routinely held that slip and fall cases do not implicate the Constitution. Instead, they state mere state law tort claims at best. Recently the Northern District of Florida considered this very issue*. Davis v. Corrections Corporation of America*, No. 5:07cv279/RS-EMT, 2008 WL 539057 (N.D. Fla. Feb. 22, 2008). In *Davis*, the plaintiff

inmate alleged that he slipped and fell due to water on the floor from a leaking toilet. He claimed that the leaking toilet violated his Eighth Amendment rights, and he sought compensatory damages for physical and emotional injuries. The court noted that federal courts routinely hold that slip and fall cases do not give rise to a federal claim and collected an exhaustive list of prior cases analyzing the issue. *Id.* at *3 (collecting cases). The court concluded that the plaintiff's claims amounted only to negligence, which is not actionable under Section 1983. *Id.* at *4.

Similarly, the plaintiff's claim in the instant case fails both the objective and subjective prongs of the analysis. A slippery floor does not constitute a denial of life's necessities to meet the first objective prong of a conditions of confinement claim. "It is certain that not all violations of duties of care arising out of tort law become constitutional violations merely because the victim is a state prisoner and the defendant is a state official." *Mitchell v. State of W. Va.*, 554 F. Supp. 1215, 1216 (D. W.Va. 1983). Here, the evidence shows that defendant Officer Smith knew the toilet leaked in the plaintiff's cell. However, Officer Smith testified the leak was minor, and he gave the plaintiff blankets to clean up the water and keep the floor dry. Officer Smith testified that the plaintiff never complained that this was not sufficient, and he never seemed to have any trouble keeping the floor dry. Officer Smith further testified that he was unaware of any puddles, and he did not believe the leak exposed the plaintiff to any significant danger (Smith aff. ¶8). Furthermore, during the 2½ months the plaintiff was incarcerated at the ECDC, he filed some 18 grievances. However, the only grievance filed by the plaintiff about the leaking toilet was filed after he fell (Hall aff. ¶3). Here, the plaintiff has failed to show a serious deprivation of a basic human need and that the defendants were deliberately indifferent to a serious risk of harm to the plaintiff. Based upon the foregoing, the plaintiff's conditions of confinement claim fails.[2]

---

[2] The defendants also argue that the plaintiff failed to exhaust his administrative remedies. Since this court finds the plaintiff's claims fail on the merits, this argument will not be addressed.

At the close of his complaint, the plaintiff also alleges that the ECDC has various leaks from the ceiling and windows and that some showers do not work (comp. at 4). However, he does not allege that he has been exposed to any of these conditions or that the conditions caused him harm. Accordingly, these allegations fail to state a claim.

*Medical Treatment*

To the extent the plaintiff also alleges a claim based upon a failure to receive medical treatment, such claim fails. In his complaint, the plaintiff complains that after he fell he yelled for approximately three hours before deputies responded to his cell. He acknowledges that he was taken to the emergency room, his leg was x-rayed, and he was treated for a sprained ankle (comp. at 3). According to the affidavit of Officer Smith, after the plaintiff fell, the plaintiff stood at his door yelling that he had fallen. When Officer Smith responded to the plaintiff's cell, the plaintiff verbally threatened to fight Officer Smith if he entered the plaintiff's cell. The officers had the plaintiff' "move back in his cell so that [they] could enter," and then the plaintiff was transported to the emergency room (Smith aff. ¶ 5).

"The Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to any serious medical needs of the detainee." *Belcher v. Oliver*, 898 F.2d 32, 34 (4th Cir. 1990) (citing *Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir.1988)). In order to state a claim, "[a] plaintiff must satisfy two elements . . . : he must show a serious medical need and he must prove the defendant's purposeful indifference thereto." *Sires v. Berman*, 834 F.2d 9, 12 (1st Cir. 1987). Here, assuming the plaintiff's sprained ankle is a "serious medical need," the plaintiff has presented absolutely no evidence that the defendants were purposefully indifferent to that need. Accordingly, to the extent the plaintiff's allegations may be construed to assert a claim for deliberate indifference to a serious medical need, such claim fails.

6

***Qualified Immunity***

The defendants argue that they are entitled to qualified immunity as their conduct did not violate any clearly-established constitutional or statutory rights of which a reasonable person should have known. This court agrees. Qualified immunity protects government officials performing discretionary functions from civil damage suits as long as the conduct in question does not "violate clearly established rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). This qualified immunity is lost if an official violates a constitutional or statutory right of the plaintiff that was clearly established at the time of the alleged violation so that an objectively reasonable official in the defendant's position would have known of it. *Id.*

In addressing qualified immunity, the United States Supreme Court has held that "a court must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all and, if so, proceed to determine whether that right was clearly established at the time of the alleged violation." *Wilson v. Layne*, 526 U.S. 603, 609 (1999); *see also Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 685 (4th Cir. 2000). Further, the Supreme Court held that "[d]eciding the constitutional question before addressing the qualified immunity question also promotes clarity in the legal standards for official conduct, to the benefit of both the officers and the general public." *Wilson*, 526 U.S. at 609. If the court first determines that no right has been violated, the inquiry ends there "because government officials cannot have known of a right that does not exist." *Porterfield v. Lott*, 156 F.3d 563, 567 (4th Cir. 1998). The plaintiff's conclusory allegations fail to demonstrate that the defendants violated his constitutional rights. Therefore, the defendants are entitled to qualified immunity.

***State Law Claims***

To the extent that the plaintiff's complaint can be perceived to allege claims under state law, the court should decline to exercise supplemental jurisdiction over the claims as it is recommended that summary judgment be granted on the plaintiff's federal claims as set for above. *See* 28 U.S.C. § 1367(c).

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the defendants' motion for summary judgment (doc. 64) be granted.

s/Kevin F. McDonald<br>
United States Magistrate Judge

September 10, 2010

Greenville, South Carolina